```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION


HOUSTON, DICKERSON & DICKERSON, INC.
d/b/a HARVEST FOODS OF CLARKSVILLE                  PLAINTIFF

v.                       No. 13-2125

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY                                   DEFENDANT
```

ORDER

Currently before the Court are Plaintiff's First Amended Motion for Remand and supporting brief (docs. 9-10), and Defendant's Response (doc. 11). Plaintiff disputes the existence of jurisdiction as the amount in controversy does not exceed $75,000. For the reasons that follow, Plaintiff's Amended Motion to Remand (doc. 9) is DENIED. Plaintiff's original motion to remand (doc. 6) is DENIED AS MOOT.

Generally, the district courts of the United States are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts must strictly construe the federal removal statute, and resolve any ambiguities about federal jurisdiction in favor of remand. *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). A defendant in

state court may remove the case to federal court if the defendant can demonstrate that the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  This requirement is met in one of two ways; i.e., (1) the case in question involves a federal question, or (2) diversity jurisdiction exists.  In a case where the plaintiff's pleadings do not allege a federal question "the matter in controversy [must exceed] the sum or value of $75,000, exclusive of interest and costs, and [must involve] citizens of different states."  28 U.S.C. § 1332(a).  The party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence.  *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F.3d 828, 831 (8th Cir. 2005).  This rule applies even in a removed case where the party invoking jurisdiction is the defendant.  *Id*.  In the present case, it is not disputed that diversity of citizenship exists and the only issue is whether the $75,000 statutory minimum is met.

## I.   Procedural History

Plaintiff filed its Complaint against Defendant on or about March 21, 2013, in the Circuit Court of Johnson County, Arkansas, (Case No. CV-2013-34) alleging a breach of contract by failure to pay an alleged indisputable loss under the insurance policy after a demand had been made; pursuant to Ark. Code Ann. 23-79-208 (2012).

Defendant removed the action to this Court asserting the existence of diversity jurisdiction under 28 U.S.C. 1332(a). (Doc. 1).  Plaintiff filed an Amended Motion to Remand (doc. 9) contending that Defendant failed to demonstrate the amount-in-controversy was satisfied.  Plaintiff contends the contractual damages of $62,271.79, together with the 12% penalty of $7,472.62 ($73,580.47) and stipulated attorneys' fees of $1,419.50 totals $74,999.97; would be an amount not in excess of $75,000.00. Defendant states the stipulated amount of attorneys' fees has no legal affect, and when reasonably calculated with all damages sought, the amount-in-controversy easily exceeds the $75,000.00 threshold.

## II.  Amount in Controversy

"As the party seeking removal and opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction."  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, (1936); *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir. 1993).  In a diversity case, where the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See In re Minnesota*

*Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).  The statutory award of attorney fees does count toward the jurisdictional minimum for diversity jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).  Likewise, the 12% statutory penalty may also be included in calculating whether the requisite amount in controversy exists.  *Peacock & Peacock, Inc. v. Stuyvesant Ins. Co.*, 332 F.2d 499, 502 (8th Cir. 1964).

   The United States Supreme Court held that a post removal stipulation reducing damages below the $75,000.00 threshold may not defeat federal subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).  *Powell v. State Farm Fire and Casualty Insurance Co.*, 2010 WL 379643 (W.D. Ark., Jan. 27, 2010).  Therefore, though the Plaintiff is the "master of his complaint and his choice of forum should not easily be disturbed," the Plaintiff may not stipulate fees in order to defeat subject matter jurisdiction.  *St. Paul,* 303 U.S. 283, 294.

   Plaintiff contends the stipulation is merely a "clarification" of the unspecified amount of requested attorneys' fees and therefore falls under an exception to the rule established in *St. Paul*.  (Doc. 1, pg. 4).  However, it is clear that Plaintiff's stipulation is a "change" in the amount sought

4

by the Plaintiff in order to defeat jurisdiction and is therefore void of legal effect.  *Bell v. Hershey Co.*, 557 F.3d 953 (8th Cir. 2009); *ANPAC v. Dow Quimica de Columbia*, 988 F.2d 559, 565 (9th Cir. 1993).

A defendant may defeat the Plaintiff's Motion to Remand by establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  *Haynes v. Louisville Ladder Grp., LLC*, 341 F. Supp. 2d 1064, 1067 (E.D. Ark. 2004).  Defendant must establish by a preponderance of the evidence that attorneys' fees will come to at least $1,419.54.  Fees for services already rendered must be taken into consideration as well as a reasonable calculation for future attorneys' fees.  *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1105 (S.D. Iowa 2010).  Taking into consideration fees for services already rendered together with a reasonable estimate of fees for services to be performed throughout the remainder of the legal proceedings, it is reasonable to conclude the amount in controversy will exceed $75,000.00.

**III.  Conclusion**

The Court finds Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, Plaintiff's Amended Motion to Remand (Doc. 9) is hereby DENIED.  Plaintiff's original Motion to Remand (doc. 6) is

DENIED AS MOOT.  Plaintiff has (10) days from the Order to file a responsive pleading to Defendant's complaint.

IT IS SO ORDERED this 8th day of July, 2013.


                                            /s/ Robert T. Dawson
                                            Honorable Robert T. Dawson
                                            United States District Judge